# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KRUGER, #K50216, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-00268-NJR<br>) |
| JOHN R. BALDWIN, KIMBERLY BUTLER, JACQUELINE LASHBROOK, STEVEN KEIM, ELDON KENNELL, SHERRY BENTON, HUTCHINSON, HOWARD HARNER, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JOHN DOE #8, JOHN DOE #9, JOHN DOE #10, and JOHN DOE #11, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joshua Kruger, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights, as well as violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). while at Menard Correctional Center ("Menard") and Pontiac relating to his ability to practice his religion, Asatru-Odinism. He seeks monetary damages and injunctive relief.

1

This case was severed from *Kruger v. Lashbrook,* 18-cv-512-NJR, and consists of Counts 10-12 of the Amended Complaint filed in that case. (Doc. 2). These severed Counts are now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff has been confined by the IDOC since 2003. In 2009, he formally changed his religious designation from Christian to Asatru-Odinism. (Doc. 2, p. 8). In November 2013, he was transferred to Pontiac and requested runestones (used in devotional activities) and religious feast trays from Kennell, the Chaplain at Pontiac. *Id.*, pp. 6, 8-9. Kennell forwarded the request to Keim, Chief Chaplain at IDOC. *Id.* Kennell told Plaintiff in 2015 that runestones were not allowed under IDOC policy and that he would have to file a lawsuit to get that changed. *Id.*, p. 9. He was later refused permission to wear his religious medallion. *Id.*, p. 12. Plaintiff alleges that Baldwin (Director of IDOC), Keim, Hutchinson, Butler, Lashbrook, and John Does #4-11 (members of the Religious Practice Advisory Board) implemented policies, practices and procedures burdening his religious practice, including prohibiting prisoners from having runestones or runic flashcards, having monthly feast trays and from wearing religious medallions while at Menard. *Id.*, pp. 9, 15, 20-21.

Plaintiff filed an emergency grievance in November 2016 about lack of response from Keim or John Does #4-11. Hutchinson denied emergency status and told him to pursue it through normal channels. *Id.*, p. 15.[1]

Plaintiff wrote Harner, the Chaplain at Menard, regarding his religious requests with no result. *Id.*, p. 18. Plaintiff wrote Lashbrook about the issues; she forwarded the inquiry to Harner. *Id.* Harner's response was that runes are not allowed in IDOC. *Id.* Plaintiff also wrote an omnibus grievance to Benton regarding his struggles to have his religious needs accommodated and the failure of the Religious Advisory Practice Board (John Does #4-11) to respond to his requests and grievances. *Id.*, p. 19. Benton refused to review this grievance. *Id.*

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the claims in this case into the following Counts:

**Count 1:** **First Amendment claim against Baldwin, Butler, Lashbrook, Keim, Kennell, Harner, and John Does # 4-11 for refusing to allow Plaintiff to fully practice his Asatru-Odinist faith by prohibiting him from possessing runestones or runic flashcards, disallowing congregate worship, and denying religious feast trays;**

**Count 2:** **RLUIPA claim against Baldwin, Butler, Lashbrook, Keim, Kennell, Harner, and John Does # 4-11 for refusing to allow Plaintiff to fully practice his Asatru-Odinist faith by prohibiting him from possessing runestones or runic flashcards, disallowing congregate worship, and denying religious feast trays;**

**Count 3:** **First Amendment and RLUIPA claim against Baldwin, Butler, Hutchinson, and Lashbrook for enacting, adopting, and/or enforcing. a policy and practice of refusing all Asatru-Odinist**

---

[1] Defendant Hutchinson was named as a party to this case in the order severing it from 3:18-cv-512-NJR but was not added as a party in the Case Management/Electronic Case Filing ("CM/ECF") system when this action was created. Similarly, Defendant Sherry Benton was omitted from this severed case, although Plaintiff names her in his claims for violation of due process for failure to respond to his grievances over religious matters. The Court addresses this situation below.

>prisoners the right to wear their religious medallions while at Menard; and

> Count 4: Fourteenth Amendment due process claim against Baldwin, Keim, Benton, and John Does #4-11 for denying him due process and retaliating against him by refusing to answer his grievances and letters complaining about religious discrimination.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

## Counts 1 and 2

An inmate is entitled to practice his religion "insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir.1990). A rule impinging on a prisoner's First Amendment right to freedom of religion "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S.78, 89 (1987). RLUIPA goes further and provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Plaintiff has adequately stated claims that his free exercise of religion was substantially burdened by IDOC and prison policies which prohibited possession of runestones or runic flashcards and denied group worship and meals appropriate to his religious needs. As such, he has stated claims under both Section 1983 and RLUIPA.

---

[2] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

That said, Count 2 does not survive as to all defendants. Under RLUIPA, relief is limited to injunctive or declaratory relief, *see Sossamon v. Texas*, 563 U.S. 277, 287 (2011); *Vinning–El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). The proper parties in a claim for injunctive relief are the supervisory government officials responsible for ensuring that the injunctive relief is carried out. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Thus, the only proper defendants with regard to Plaintiff's RLUIPA claims are IDOC Director Baldwin, Chief Chaplain Keim, and current Pontiac Warden Teri Kennedy (who will be added as a defendant in Count 2). Defendants Butler, Lashbrook, Kennell, Harner, and John Does #4-11 are dismissed without prejudice from Count 2 because they have no power to enforce injunctive relief.

**Count 3**

Plaintiff states a valid claim regarding the refusal to allow Plaintiff and his fellow Asatru-Odinists to wear religious medallions while at Menard. While the RLUIPA claim for injunctive or declaratory relief may be moot now that he has been transferred back to Pontiac, that is not a determination which the Court can make on the facts as pled. In any event, the RLUIPA portion of the claim survives only as to Baldwin and is dismissed without prejudice as to Butler, Lashbrook, and Hutchinson, as the latter are unable to provide injunctive relief.

**Count 4**

Alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any failure to investigate Plaintiff's grievances or respond thereto will not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by

the Due Process Clause." *Antonelli,* 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). While Plaintiff may be frustrated by the lack of what he considers an adequate response to his requests and grievances, that is not independently actionable. Count 4 is therefore dismissed without prejudice.

## UNKNOWN PARTIES

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants, John Does #4-11. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). In this case, Director Baldwin is already named in his official capacity and shall respond to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set in a separate order. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

## DISPOSITION

**IT IS ORDERED** that Counts 1, 2, and 3 of the Complaint survive screening. Count 2 is **DISMISSED without prejudice** as to Butler, Lashbrook, Kennell, Harner, and John Does #4-11. Count 4 is **DISMISSED without prejudice** in its entirety**.**

The Clerk of the Court is **DIRECTED** to **ADD** Defendants Hutchinson and Benton to the CM/ECF system for this case. The Clerk is **FURTHER DIRECTED** to then terminate Benton from this case. The Clerk is **FURTHER DIRECTED** to **ADD** the **WARDEN OF PONTIAC, TERI KENNEDY (official capacity only)** as a defendant for purposes of implementing any injunctive relief that is ordered in this case.

**IT IS ORDERED** that the Clerk of Court shall prepare for **Baldwin, Butler, Hutchinson, Lashbrook, Keim, Kennell, Harner, and Kennedy**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  June 20, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**