IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KRUGER, | |
| Plaintiff, | |
| v. | Case No. 19-cv-268-NJR |
| JOHN R. BALDWIN, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion to set aside entry of default filed by Defendants Echo Beekman, Christopher Easton,[1] Leslie McCarty, and Karen Norman-Rees. Specifically, they seek to vacate the entry of default entered against them on September 22, 2020 (Docs. 98 and 99). Plaintiff Joshua Kruger has filed a motion for default judgment (Doc. 104) against these Defendants.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default

---

[1] Defense counsel refers to Christopher Easton as Karen Easton in the motion. The waiver of service, however, was signed by Christopher Easton (Doc. 72). This appears to be a mere typo on counsel's part. Christopher Easton will remain as named on the docket.

judgment but is applied more liberally. *Cracco*, 559 F.3d at 631.

All four meet the standard for vacating the entry of default. Defendants requested representation but the request was mishandled upon receipt by the Attorney General's Office, and counsel did not properly enter her appearance. Once counsel was made aware of the error, she entered her appearance and responded to Plaintiff's motion for default judgment. Thus, Defendants acted quickly to resolve the issue.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendants have met the requirements of Rule 55(c). The Court **GRANTS** the motion to set aside the entry of default (Doc. 107). The entry of default entered against them (Docs. 98 and 99) is **VACATED**. Defendants' Answers are due on or before **November 5, 2020**. Plaintiff's motion for default judgment (Doc. 104) is **DENIED as moot**.

IT IS SO ORDERED.

DATED:   October 22, 2020

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**