IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA W. KRUGER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  19-cv-268-RJD |
| JOHN R. BALDWIN, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Now before the Court is Plaintiff's Second Motion for a Preliminary Injunction (Doc. 112), and Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 117).  For the reasons set forth below, the motion for preliminary injunction is **DENIED** and the motion for leave to file is **GRANTED**.

**Background**

Plaintiff Joshua Kruger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pontiac CC and Menard CC.  Plaintiff alleges that he is a practitioner of Asatru-Odinism and, upon his transfer to Pontiac, he was denied his request to possess runestones and was not allowed to wear his religious medallion.  Plaintiff also alleges more generally that policies were implemented that burdened his religious practice, including the prohibition of prisoners from possessing runestones or runic flashcards, participating in group services, having monthly feast trays, and wearing religious medallions while at Menard.

Plaintiff proceeds in this action on the following claims:

Count One:   First Amendment claim against Baldwin, Butler, Lashbrook, Keim, Williams, Adamson, McCarty, Beekman, Walker, Parrack, Easton, Lambert-Goheen, Norman-Rees, Claycomb, Wilhelm, and Harner, for refusing to allow Plaintiff to fully practice his Asatru-Odinist faith by prohibiting him from possessing runestones or runic flashcards, disallowing congregate worship, and denying religious feast trays.

Count Two:   RLUIPA claim against Baldwin and Keim for refusing to allow Plaintiff to fully practice his Asatru-Odinist faith by prohibiting him from possessing runestones or runic flashcards, disallowing congregate worship, and denying religious feast trays.

Count Three:   First Amendment and RLUIPA claim against Baldwin, Butler, Hutchinson, and Lashbook for enacting, adopting, and/or enforcing a policy and practice of refusing all Asatru-Odinist prisoners the right to wear their religious medallions while at Menard.

**Motion for Leave to File Supplemental Complaint (Doc. 117)**

In his motion seeking leave to file a supplemental complaint, Plaintiff asserts he only seeks to include new parties who have recently been involved in the denial of his religious rights by depriving him of his religious medallion and necklace. Plaintiff asserts his proposed supplements do not add any new claims, only new facts.

More specifically, Plaintiff seeks to add as defendants Anna Ewert and Anthony Wills. In his proposed supplemental complaint, Plaintiff alleges Ewert, a correctional officer at Menard, denied him possession of his religious necklace and medallion on May 30, 2020, indicating it was "too thick, not allowed for the safety and security of the institution." Plaintiff further alleges he submitted a grievance and a letter to Wills, the former warden of Menard, requesting him to look into the matter and asking him to overturn Ewert's decision. Plaintiff does not indicate whether he received any response to his letter, but Wills denied his grievance concerning the same.

Plaintiff also includes allegations that Defendant Jeffreys had authority to approve Plaintiff's religious requests, but he refused to accommodate said requests. In his proposed

supplemental complaint, Plaintiff seeks to add Defendant Jeffreys to Count One, Count Two, and Count Three, and Ewert and Wills to Count Three.

Federal Rule of Civil Procedure 15(d) permits a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  A supplemental pleading "introduces new facts that enlarge or change the relief originally sought.  Rule 15(d) … limits a supplemental pleading to the presentation of subsequent matter related to the claim or defense presented in the original pleading."  *Wilson v. Gipson*, 3:94-CV-891RP, 1995 WL 476695, *2 (N.D. Ind. July 20, 1995) (internal quotations and citation omitted).  Although leave to file a supplemental pleading is generally allowed, courts have properly denied leave where the allowance of a supplemental pleading would result in undue delay or prejudice to the parties.  *Id.* (citations omitted).

First, the Court addresses the posture of Robert Jeffreys, the Acting IDOC Director. Based on a review of the pleadings and docket sheet, it appears Jeffreys was added to the Court's docket on December 2, 2019.  However, Plaintiff only first included Jeffreys in his Second Amended Complaint, filed on March 11, 2020 (Doc. 56).  The Second Amended Complaint identified Jeffreys in certain allegations, but failed to name him in association with any particular count.  Plaintiff seeks to rectify that issue in his proposed third amended complaint.  Although this is not a supplement to his complaint, as it does not relate to incidents that occurred subsequent to the filing of the Second Amended Complaint, it is allowable under Federal Rule of Civil Procedure 15(a).

Plaintiff's inclusion of Anna Ewert and Anthony Wills is an appropriate supplement and will be allowed.  The alleged actions of Ewert and Wills are clearly connected to the matters raised in the original complaint and occurred subsequent to its filing.

Based on the foregoing, Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 117) is **GRANTED**.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed supplemental complaint as the Third Amended Complaint.

The Clerk of Court shall prepare for Defendants Anna Ewert and Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff.  If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

## Second Motion for a Preliminary Injunction (Doc. 112)

In this motion, Plaintiff asserts that his religious medallion and necklace have been confiscated and he seeks a preliminary injunction to order IDOC Director Jeffreys to return these items.  Plaintiff asserts that as a practitioner of Asatru-Odinism, he wears several religious symbols around his neck for protection from evil spirits and to honor gods and goddesses.  The

medallion at issue is one of the symbols used in his religion.  In support of his motion, Plaintiff asserts the measurements and other characteristics of the medallion and necklace meet IDOC requirements, but Officer Anna Stewart confiscated the same while he was at Menard.  Plaintiff explains that he has now been transferred to Pontiac, but the personal property officer at Pontiac, Allison Mathis, refused to process these items because of "ongoing litigation on the issue." Plaintiff asserts that he is suffering irreparable harm because he is unable to practice his faith adequately without the medallion and necklace.  Along with his motion, Plaintiff provided what appears to be receipts detailing the purchase of the items at issue.

Defendants object to Plaintiff's request for a preliminary injunction and assert that Plaintiff has failed to meet his burden to demonstrate a preliminary injunction is warranted.  More specifically, Defendants contend Plaintiff is not likely to succeed on the merits of his claim as the medallion at issue does not meet IDOC requirements as it is over two inches in height and width. Defendants submitted the declaration of Allison Mathis, who confirms that Plaintiff's medallion is being held until Plaintiff's grievance dated May 29, 2020 regarding the issue has been resolved. Mathis asserts this grievance is on appeal with the Administrative Review Board ("ARB"). According to Mathis, if the ARB finds that the medallion is not allowed, then Plaintiff will have the choice to either mail it outside of the institution or have it destroyed.

On February 8, 2021, the Court held a hearing on Plaintiff's motion for preliminary injunction.  At the hearing, Plaintiff testified that he uses symbols to practice his religion.  The medallion at issue is a "noble virtue sign" with three interlocking triangles.  Plaintiff ordered the medallion and necklace and the items were sent to him while he was at Menard.  Plaintiff testified that the items were denied by the property officer.  Plaintiff was told the necklace was too thick. Plaintiff testified the original necklace was 8 mm in thickness.  He sent this necklace home, and

his mother sent him a necklace that was 4 mm in thickness. This necklace was also denied because it was too thick. After the medallion and second necklace were confiscated, Plaintiff testified that he filed a grievance. This grievance was denied by the counselor. The grievance officer denied this grievance and told Plaintiff his items could be destroyed or picked up by someone else.

Allison Mathis, a personal property officer at Pontiac, also testified at the hearing. Mathis testified that she received the property at issue from Menard. Mathis could not recall if she was told why the property was confiscated at Menard, but indicated this information was in the file. Mathis asked the Grievance Officer if she needed to complete a confiscation form, but was told that was not necessary because the issue was already with the ARB. Mathis testified the ARB has the authority to decide what happens with the medallion and chain and, therefore, she was awaiting its decision. The ARB denied the grievance in November 2020. Mathis testified that the items were confiscated for the safety and security of the institution. Mathis was unsure of why the chain was confiscated, but indicated that the medallion was more than 2 inches in diameter because there are two bales attached to the medallion to affix the medallion to a chain. These bales cause the medallion to exceed the IDOC length limit. The medallion itself is within the 2-inch limit.

Following the preliminary injunction hearing, counsel for Defendants provided a supplemental exhibit, a copy of Plaintiff's May 29, 2020 grievance and the responses thereto. As testified to at the hearing, the counselor denied this grievance on June 2, 2020, noting that the property officer confiscated the necklace for the safety and security of the institution. The counselor wrote that the necklace does not meet guidelines and the offender may choose to send the property home or destroy it. The Grievance Officer also recommended that the grievance be denied. The Grievance Officer wrote that the jewelry is not permitted, and noted that the

counselor addressed the grievance appropriately. The Grievance Officer also wrote that personal property confiscated the sliver and black tone dog tag medallion and silver tone chain as it was too thick and not allowed for the safety and security of the institution (*see* Doc. 123).

**Discussion**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).

Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

In order to meet his burden and succeed on his motion, the Court must find that Plaintiff has a reasonable likelihood of success on the merits of his claims set forth in Count Three under

either the First Amendment or RLUIPA.

Under the First Amendment, prisoners enjoy a right to the free exercise of their religion. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). However, a prison may impose restrictions on the exercise of religion that are reasonably related to the legitimate penological objectives of the state. *Tarpley v. Allen County, Ind.*, 312 F.3d 895, 898 (7th Cir. 2002) (citations omitted). In determining whether an asserted justification is rationally related to a legitimate penological objective, courts consider whether there are alternative means of exercising the right that remain open to the inmate, the impact an accommodation of the asserted right would have on guards and other inmates, and whether there are "obvious alternatives" to the restriction. *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009).

RLUIPA prohibits prison officials from imposing a "substantial burden on the religious exercise of a person" unless the prison can demonstrate that the burden is "in furtherance of a compelling governmental interest" and is also "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc(a)(1). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* at § 2000cc-5(7)(A). The exercise sought must be based on a sincerely held religious belief and not some other motivation. *Holt v. Hobbs*, 135 S.Ct. 853, 862, 190 L.Ed.2d 747 (2015) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751, 2774, n. 28, 189 L.Ed.2d 675 (2014)). Under RLUIPA's burden shifting regime, initially, a plaintiff has the burden to demonstrate that his exercise of religion has been substantially burdened. *Holt*, 135 S.Ct. at 862, 63. A substantial burden exists if a state action or prohibition "seriously violates" an inmate's religious beliefs. *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015) (quoting *Holt,* 135 S.Ct. at 862). If a plaintiff meets his burden, the burden then shifts to the defendants to demonstrate both a

compelling governmental interest and that the act or prohibition in question was the least restrictive means of furthering that interest. *Holt*, 135 S.Ct. at 863. As RLUIPA provides "greater protection" than that provided by the First Amendment, *see id,* at 862, the undersigned first addresses whether Plaintiff has a likelihood success on his RLUIPA claim, and should Plaintiff fail on said claim, there is no need to address to Free Exercise claims.

Plaintiff has presented some evidence in support of his motion that the practice of his religion is substantially burdened due to the confiscation of his medallion and necklace. As such, the Court must consider whether the confiscation of the property furthered a compelling governmental interest.

It is well settled that prison security is a compelling interest. *Schlemm v. Carr*, 760 F. App'x 431, 436 (7th Cir. 2019) (citing *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005)). In *Schlemm*, the Seventh Circuit further remarked that "although RLUIPA provides substantial protection for the religious exercise of institutionalized persons, it also affords prison officials ample ability to maintain security," and courts are "deferential to prison officials' expertise in this area." *Id.* at 436-37. Here, there is sufficient evidence that the items confiscated by Menard and Pontiac were confiscated because they posed a safety and security threat. Indeed, both Plaintiff's counselor and Grievance Officer included this finding when issuing decisions on Plaintiff's May 29, 2020 grievance. Further, Officer Mathis testified that the medallion exceeded two inches in length when measuring the affixed bales, which is in contravention of IDOC policy. While the Court recognizes that deference to prison officials and their decisions related to security is not "unquestioning," the decisions made with regard to the jewelry in this instance appear appropriate. The jewelry was evaluated by property officers and was deemed to be a safety and security concern and in contravention of IDOC regulations. Further, confiscation of the items at issue was

the least restrictive means of advancing the prison's interest in safety and security.  *See Smith v. Frank*, No. 07-C-83, 2009 WL 750272, *7-8 (E.D. Wis. Mar. 20, 2009) (finding the confiscation of an eagle feather and herb mixture was the least restrictive means of advancing the prison's interest in safety, security, and management).  The Court finds no less restrictive means were available to assure compliance with the IDOC regulations and ensure the safety of the institution.  The Court further notes that Plaintiff was offered the option of having someone pick up the jewelry or pay to have it mailed outside the institution.   For these reasons, the Court finds Plaintiff has not established a likelihood of success on the merits on his First Amendment and RLUIPA claims set forth in Count Three[1].   Because Plaintiff has not demonstrated a reasonable likelihood of success on the merits, his request for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 26, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] Such a conclusion is not a judgment as to whether Plaintiff may ultimately prevail in this lawsuit.